PAULA ROUSH
1404 Porlier Street
Green Bay, Wisconsin 54301

       Plaintiff,                  Case No.: 18-cv-777

                                            **COLLECTIVE ACTION**
    v.                                  **PURSUANT TO 29 U.S.C. §216(b)**

CONVERGYS CORPORATION              **JURY TRIAL DEMANDED**
201 East Fourth Street
Cincinnati, Ohio 45202

       and

CONVERGYS CUSTOMER MANAGEMENT
GROUP INC.
201 East Fourth Street
Cincinnati, Ohio 45202

       Defendants.

## COMPLAINT

### PRELIMINARY STATEMENT

1.     This is a legal action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), by Plaintiff, Paula Roush, against Defendants, Convergys Corporation and Convergys Customer Management Group Inc.

2.     Plaintiff brings her FLSA claims and causes of action against Defendants collectively, on behalf of herself and all others similarly situated, for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

Specifically, Plaintiff brings these FLSA claims and causes of action on behalf of herself and all other similarly situated current and former non-exempt Customer Service employees of Defendants in the State of Wisconsin who were denied overtime compensation for each hour worked in excess of forty (40) in a workweek because Defendants failed to: (1) compensate said employees for computer "boot up" time prior to their scheduled shift start times; and (2) include all non-discretionary forms of compensation in said non-exempt employees' regular rates of pay for overtime calculation purposes.

## JURISDICTION AND VENUE

3.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

4.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants had substantial and systematic contacts in this District.

## PARTIES

5.      Plaintiff, Paula Roush, is an adult female resident of the State of Wisconsin residing at 1404 Porlier Street, Green Bay, Wisconsin 54301.

6.      Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b), is contemporaneously filed with this Complaint. (ECF No. 1.)

7.      Defendants provide customer management and information management services for client (third party companies) across the United States, including in the State of Wisconsin.

8.      Defendants manage and operate a Wisconsin location, located at W6280 Aerotech Drive, Appleton, Wisconsin 54914.

9.      Defendants' corporate headquarters are located in Cincinnati, Ohio, and its principal places of business are located at 201 East Fourth Street, Cincinnati, Ohio 45202.

10.      Defendants' registered agent for service of process in the State of Wisconsin is C T Corporation System, located at 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703.

11.      During the relevant time periods as stated herein, Defendants supervised Plaintiff's and all other non-exempt Customer Service employees' day-to-day activities.

12.      During the relevant time periods as stated herein, Defendants had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other non-exempt Customer Service employees.

13.      During the relevant time periods as stated herein, Defendants had the ability and authority to review Plaintiff's and all other non-exempt Customer Service employees' work performance.

14.      During the relevant time periods as stated herein, Defendants established the work rules, policies, and procedures by which Plaintiff and all other non-exempt Customer Service employees abided in the workplace.

15.      During the relevant time periods as stated herein, Defendants controlled the terms and conditions of Plaintiff's and all other non-exempt Customer Service employees' employment.

16.      During the relevant time periods as stated herein, Defendants established Plaintiff's and all other non-exempt Customer Service employees' work schedule and provided Plaintiff and all other non-exempt Customer Service employees with work assignments and hours of work.

17.     During the relevant time periods as stated herein, Defendants tracked and recorded Plaintiff's and all other non-exempt Customer Service employees' hours of work.

## COVERAGE AND GENERAL ALLEGATIONS

18.     On or about March 6, 2016, Defendants hired Plaintiff as a Customer Service employee working in their Appleton, Wisconsin location.

19.     Plaintiff's Customer Service position was a non-exempt, hourly-paid position, and employees who held these positions at Defendants' Appleton, Wisconsin location were commonly referred to as "Agents."

20.     During Plaintiff's employment with Defendants in her Customer Service position, she, like all other non-exempt Customer Service employees, reported directly to a Team Lead, who reported directly to a Manager.

21.     The job duties and responsibilities of Plaintiff's and all other non-exempt Customer Service employees' positions was to make outbound telephone calls to and/or to receive inbound telephone calls from individuals who were Defendants' client's (third party companies') customers.

22.     Plaintiff and all other non-exempt Customer Service employees regularly performed their job duties and responsibilities side-by-side in a call center setting at Defendants' Appleton, Wisconsin location.

23.     On or about August 1, 2017, Plaintiff's employment with Defendants ended.

24.     During Plaintiff's employment with Defendants, she performed work for and on behalf of Defendants exclusively in the State of Wisconsin – specifically, at Defendants' Appleton, Wisconsin location.

25.     The employees, including Plaintiff, who worked for Defendants in their Appleton, Wisconsin call center location were employed in non-exempt positions as part of Defendants' customer service process, including but not limited to the positions of Agent, Customer Service Representative, and other similar positional variations thereof (hereinafter simply and collectively "Customer Service" employees).

26.     Plaintiff and all other non-exempt Customer Service employees frequently worked in excess of forty (40) hours per workweek.

27.     During Plaintiff's employment with Defendants, she was compensated on a biweekly basis via paycheck.

28.     During the relevant time periods as stated herein, Defendants were engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

29.     During the relevant time periods as stated herein, Defendants' annual dollar volume of sales or business exceeded $500,000.

30.     During the relevant time periods as stated herein, Defendants were an "employer" as that term is defined under the FLSA and the WWPCL.

31.     During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants as these terms are defined under the FLSA and the WWPCL.

32.     During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

33.     Plaintiff and all other current and former non-exempt Customer Service employees of Defendants on whose behalf she brings these FLSA collective claims and causes of action were non-union employees of Defendants.

## FLSA OVERTIME ALLEGATIONS

34.     During the relevant time periods as stated herein, Plaintiff and all other Customer Service employees performed their job duties and responsibilities using Defendants' phone system and various programs and software on Defendants' desktop computers, which were located each non-exempt Customer Service employees', including Plaintiff's, work station or cubicle.

35.     During the relevant time periods as stated herein, Defendants required Plaintiff and all other non-exempt Customer Service employees to use Defendants phone system and Defendants' desktop computers to perform their job duties and responsibilities.

36.     Plaintiff and all other non-exempt Customer Service employees used Defendants' desktop computers and Defendants' phone system to work on various programs and projects and/or to service various clients at Defendants. For example, during Plaintiff's employment at Defendants, she performed work for "Lowes" and "Cisco," two of Defendants' clients, at the direction and on behalf of Defendants using Defendants' desktop computers and Defendants' phone system.

37.     Regardless of the program, project, and/or client that Plaintiff or any other non-exempt Customer Service employee was working on or servicing at Defendants, the customary or normal process by which Plaintiff and all other non-exempt Customer Service employees commenced daily compensable work at Defendants was similar: physically arrive to work at Defendants; go to their work station or cubicle; "boot up" their computer; and "phone in" via Defendants' phone system.

38.     During the relevant time periods as stated herein, most non-exempt Customer Service employees, including Plaintiff, were able to (and actually did) commence the "boot up" process on their computers and "phone in" via Defendants' phone system virtually simultaneously.

39.     During the relevant time periods as stated herein, the purpose of Plaintiff and all other non-exempt Customer Service employees "phoning in" via Defendants' phone system to commence the work day was two-fold: (1) Defendants tracked and recorded when Plaintiff and all other non-exempt Customer Service employees arrived to work and were seated at their work station or cubicle; and (2) Defendants tracked and recorded when Plaintiff and all other non-exempt Customer Service employees were ready to work – when an employee "phoned in" via Defendants' phone system, that employee was alerting Defendants that he or she was "ready" to receive inbound telephone calls.

40.     During the relevant time periods as stated herein, Defendants required Plaintiff and all other non-exempt Customer Service employees to "phone in" via Defendants' phone system at the beginning of each workday.

41.     During the relevant time periods as stated herein, Defendants required Plaintiff and all other non-exempt Customer Service employees to "boot up" their desktop computers at their work stations or cubicles at the beginning of each workday.

42.     During the relevant time periods as stated herein, the "boot up" process on Plaintiff's and all other non-exempt Customer Service employees' computers was necessary in order for said employees to properly and effectively perform their job duties and responsibilities at Defendants.

43. During the relevant time periods as stated herein, the "boot up" process on Plaintiff's and all other non-exempt Customer Service employees' computers lasted approximately one (1) to ten (10) minutes.

44. During the relevant time periods as stated herein, Defendants' systems would not allow Plaintiff and all other non-exempt Customer Service employees to commence the "boot up" process on their computers until at most, five (5) minutes prior to their scheduled shift start time. For example, if Plaintiff's scheduled shift start time was 9:00 a.m., Plaintiff could not commence the "boot up" process on her computer at her work station or cubicle until 8:55 a.m. at the earliest.

45. During the relevant time periods as stated herein and once the "boot up" process on Plaintiff's and all other non-exempt Customer Service employees' computers had finished, Plaintiff and all other non-exempt Customer Service employees "logged in" to E-Start, Defendants' electronic timekeeping system.

46. During the relevant time periods as stated herein, Plaintiff and all other non-exempt Customer Service employees were able to "log in" to E-Start only after the "boot up" process on Plaintiff's and all other Customer Service employees' computers had finished.

47. Regardless of the program, project, and/or client that Plaintiff or any other Customer Service employee was working on or servicing at Defendants, the process by which Plaintiff and all other non-exempt Customer Service employees recorded time worked for compensation purposes was similar: "log in" to E-Start after they had "phoned in" via Defendants' phone system and only after the "boot up" process on their computers had finished.

48.     During the relevant time periods as stated herein, Defendants maintained electronic records of Plaintiff's and all other non-exempt Customer Service employees' "phone in" times and E-Start "log in" times.

49.     During the relevant time periods as stated herein and once Plaintiff and all other non-exempt Customer Service employees had "phoned in" via Defendants' phone system, "booted up" their computers, and "logged in" for timekeeping purposes via E-Start, Plaintiff and all other Customer Service employees used the various programs and software on Defendants' computers to perform their job duties and responsibilities.

50.     During the relevant time periods as stated herein, Defendants required Plaintiff and all other non-exempt Customer Service employees to be physically at their work station or cubicle and "phoned in" by at least their scheduled shift start time.

51.     During the relevant time periods as stated herein, if Plaintiff or any other non-exempt Customer Service employee was not physically at their work station or cubicle and "phoned in" by at least their scheduled shift start time, they were disciplined by Defendants.

52.     During the relevant time periods as stated herein, Defendants' policy in practice at its Appleton, Wisconsin location was to not compensate Plaintiff and all other non-exempt Customer Service employees for "phone in" and/or "boot up" time prior to their scheduled shift start times.

53.     During the relevant time periods as stated herein, Defendants' policy in practice at its Appleton, Wisconsin location was to not compensate Plaintiff and all other non-exempt Customer Service employees for work performed prior to their scheduled shift start times.

54.     During the relevant time periods as stated herein, Defendants' policy in practice at its Appleton, Wisconsin location was to compensate Plaintiff and all other non-exempt Customer Service employees based on their "log in" times via E-Start, as opposed to when compensable work commenced each workday.

55.     During the relevant time periods as stated herein, Defendants' policy in practice at its Appleton, Wisconsin location was to not compensate Plaintiff and all other non-exempt Customer Service employees for being "phoned in" via Defendants' phone system prior to said employees' "log in" time via E-Start.

56.     During the relevant time periods as stated herein, Defendants' policy in practice at its Appleton, Wisconsin location was to not compensate Plaintiff and all other non-exempt Customer Service employees from the time between when said employees' initiated the "boot up" process on their computers and when they were able to "log in" via E-Start.

57.     During Plaintiff's employment with Defendants, she verbally complained to Richard Hintz, Human Resources, that she was not being compensated for all hours worked, specifically for the time it took for her computer to "boot up" prior to logging in to E-Start. Hintz responded, "We don't pay for boot up time."

58.     During the relevant time periods as stated herein, E-Start did not accurately record all of Plaintiff's and all other non-exempt Customer Service employees' actual hours worked and/or work performed each workweek.

59.     During the relevant time periods as stated herein, Defendants did not compensate Plaintiff and all other non-exempt Customer Service employees for all hours worked and/or work performed each workweek, including at an overtime rate of pay.

60. During the relevant time periods as stated herein, Defendants communicated to Plaintiff and other non-exempt Customer Service employees that it would not compensate them for all hours worked and/or work performed in a workweek, including at an overtime rate of pay.

61. During the relevant time periods as stated herein, Plaintiff's and other non-exempt Customer Service employees' paychecks did not properly or lawfully compensate them for all hours worked in a workweek, including those hours worked in excess of forty (40) hours in a workweek.

62. Defendants suffered or permitted Plaintiff and other non-exempt Customer Service employees to work without appropriately and lawfully compensating them for all hours worked in a workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

63. Defendants' unlawful pay practices failed to compensate Plaintiff and other non-exempt Customer Service employees with the appropriate and lawful wages and compensation due and owing to them, including at an overtime rate of pay, in violation of the FLSA.

64. Defendants knew or should have known that Plaintiff and other non-exempt Customer Service employees must be compensated for all hours worked (and for all hours Defendants suffered or permitted them to work) in excess of forty (40) in a workweek at an overtime rate of pay in accordance with the FLSA.

65. Defendants had a statutory duty to comply with the FLSA and to remedy FLSA violations of which they were aware and/or of which they should have been aware.

66. Because of Defendants' unlawful actions, it owes Plaintiff and other non-exempt Customer Service employees earned and unpaid wages, including at an overtime rate of pay, for work performed during their employment with them for which they were not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

67. The similarly situated employees in Plaintiff's First Cause of Action include:

> All individuals who are or have been employed by Defendants at their Appleton, Wisconsin location as a non-exempt Customer Service employee – or a similar positional variation thereof – who performed pre-shift activities and who were not compensated for all hours worked each workweek at an overtime rate of pay.

68. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendants at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

69. Plaintiff's First Cause of Action is brought under and maintained as opt-in Collective Actions pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

70. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and/or pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective.

71.     Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among any other FLSA violations, Defendants' practice of failing to compensate the FLSA Collective for all pre-shift activities and work performed, including at an overtime rate of pay.

72.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' Appleton, Wisconsin location in areas where postings are normally made.

73.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## FLSA NON-DISCRETIONARY COMPENSATION ALLEGATIONS

74.     Plaintiff brings these FLSA claims and causes of action on behalf of herself and all other similarly situated non-exempt Customer Service employees of Defendants as authorized under the FLSA, 29 U.S.C. § 216(b).

75.     Defendants' pay practices failed to include non-discretionary compensation in Plaintiff's and all other non-exempt Customer Service employees' regular rates of pay for overtime compensation purposes.

76.     Defendants operated (and continue to operate) an unlawful compensation system that deprives all non-exempt Customer Service employees of their wages earned for all compensable work performed each workweek, including overtime pay for each hour worked over forty (40) hours in a workweek. Specifically, Defendants' unlawful policy fails to include all non-discretionary forms of compensation, including but not limited to commissions and

bonuses, in all non-exempt Customer Service employees' regular rates of pay for overtime calculation purposes.

77. Defendants compensated Plaintiff and all other non-exempt Customer Service employees with, in addition to an hourly or regular rate of pay, other non-discretionary forms of compensation, such as performance-based commission or bonus payments that were commonly known as "quarterly incentives," which were monetary payments based on Customer Service employees' "metrics," or work performance.

78. Defendants compensated Plaintiff and all other non-exempt Customer Service employees with non-discretionary payments on a quarterly basis.

79. The payments that Defendants compensated Plaintiff and all other non-exempt Customer Service employees with on a quarterly basis were non-discretionary in nature: they were made pursuant to a known plan or (performance or productivity) formula and/or were announced and known to Plaintiff and all other non-exempt Customer Service employees to encourage and/or reward their steady, rapid, productive, safe, consistent, regular, predictable, and/or efficient work performance and/or productivity.

80. Defendants failed to include the aforementioned non-discretionary form(s) of compensation in Plaintiff's and all other non-exempt Customer Service employees' regular rates of pay when determining overtime compensation due to them during workweeks when said non-exempt employees worked more than forty (40) hours during each workweek.

81. Defendants' deliberate failure to properly compensate Plaintiff and all other non-exempt Customer Service employees in such a fashion violates federal law as set forth in the FLSA.

82. Defendants' unlawful practice, as it relates to non-discretionary compensation, failed to compensate and deprived Plaintiff and all other non-exempt Customer Service employees of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

83. Defendants were or should have been aware that their unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiff and all other non-exempt Customer Service employees of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

84. The similarly situated employees in Plaintiff's Second Cause of Action include:

> All individuals who are or have been employed by Defendants at their Appleton, Wisconsin location as a non-exempt Customer Service employee – or a similar positional variation thereof – who received non-discretionary forms of compensation, such as commissions, bonuses, incentives, and/or other rewards, that were not included in said employees' regular rates of pay for overtime calculation purposes.

85. Defendants, as a matter of practice, did not include all non-discretionary compensation, such as the aforementioned commission payments, in the FLSA Collective's regular rates of pay for overtime calculation purposes.

86. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendants at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

87. Plaintiff's Second Cause of Action is brought under and maintained as opt-in Collective Actions pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

88.     Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and/or pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective.

89.     Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among any other FLSA violations, Defendants' practice of failing to include all non-discretionary compensation, such as the aforementioned commission or bonus payments and any other forms of compensation, in the FLSA Collective's regular rates of pay for overtime calculation purposes.

90.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' Appleton, Wisconsin location in areas where postings are normally made.

91.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS (PRE-SHIFT ACTIVITIES)
## (COLLECTIVE ACTION)

92.     Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

93.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

94.     At all times material herein, Defendants were employers of Plaintiff and the FLSA Collective Class as provided under the FLSA.

95.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

96.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

97.     Defendants violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek.

98.     Defendants suffered or permitted Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked. The effect of such a practice was for Defendant to deny Plaintiff and the FLSA Collective overtime wages for hours worked in excess of forty (40) in a workweek.

99.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

100.     Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

101.     Defendants' failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

102.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

103.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

104.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION – FLSA NON-DISCRETIONAY COMPENSATION
## (COLLECTIVE ACTION)

105.     Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

106.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

107.     At all times material herein, Defendants were employers of Plaintiff and the FLSA Collective as provided under the FLSA.

108.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

109.     Plaintiff and the FLSA Collective are victims of a uniform and unlawful compensation policy and practice as applied to them in violation of the FLSA.

110.     Defendants violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour he/she worked in excess of forty (40) hours each workweek.

111.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

112.     Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

113. Defendants' failure to properly include non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendants also have not acted in good faith or with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

114. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

115. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

116. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former non-exempt employees who worked at and/or were employed by Defendants informing them of this action and their rights to participate in this FLSA collective action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this FLSA collective action, the nature of this FLSA collective action, and of their right to "opt in" to this FLSA collective action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this FLSA collective action;

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and applicable regulations and as willful as defined in the FLSA;

c) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated non-exempt employees of Defendants damages in the form of reimbursement for unpaid overtime wages provided by the FLSA;

d) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated non-exempt employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to them;

e) Issue an Order directing Defendants to reimburse Plaintiff and all other similarly-situated non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

f) Provide Plaintiff and all other similarly-situated non-exempt employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 22nd day of May, 2018.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *Scott S. Luzi***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009
Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@ walcheskeluzi.com
mtobin@walcheskeluzi.com